NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATHANASE T. FOSSING, | No.   20-70385 |
| Petitioner, | Agency No. A201-742-613 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2021**
Portland, Oregon

Before:  W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

Athanase T. Fossing, a native and citizen of the Republic of Cameroon,

petitions for review from an order of the Board of Immigration Appeals ("BIA")

upholding the denial of his claims for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252, and we deny the petition.

The immigration judge ("IJ") found Fossing's testimony not credible and accorded it no weight, and the BIA upheld that determination. The adverse credibility determination was supported by substantial evidence. The IJ and the BIA (collectively, "the agency") discussed multiple examples of how Fossing's description of his persecution changed over time. The IJ must assess credibility under "the totality of the circumstances" and may arrive at an adverse credibility determination based on "any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also id*. §§ 1229a(c)(4)(C), 1231(b)(3)(C). Taken together, these inconsistencies justify the IJ's decision to discount Fossing's testimony. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

Fossing testified that he was detained for over two weeks by the Cameroonian military, which mistook him for a member of a Southern Cameroon separatist group. But Fossing's accounts of his detention and his subsequent escape from Cameroon were inconsistent. For example, in his credible fear interview, Fossing told the asylum officer that he was beaten in detention "every other day," but Fossing testified before the IJ that he was beaten "[t]wo times a day." In his affidavit in support of his asylum application, Fossing described being

2

detained "with no food," but at his hearing, Fossing told the IJ that he was "given bread once a day." Fossing's affidavit described his escape "to Nigeria on foot," but when asked by the IJ how he physically crossed the border, Fossing claimed to have crossed "in a boat." In addition, during his credible fear interview, Fossing informed the asylum officer that he had a sister, Isabella, who lived in Maryland, and Fossing provided the officer with Isabella's phone number. Fossing's asylum application, however, indicated that Isabella still lived in Bamenda, Cameroon. Fossing was given the opportunity to account for these inconsistencies, but the agency deemed his explanations unconvincing, and the record does not compel a contrary conclusion. *See Kin v. Holder*, 595 F.3d 1050, 1054-55 (9th Cir. 2010). Taken together, these discrepancies constitute substantial evidence to support the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

In the absence of credible testimony, Fossing's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The documentary evidence he submitted did not independently demonstrate that he had suffered past persecution or that he faces a sufficient risk of future persecution. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Substantial evidence also supports the agency's denial of CAT relief because Fossing failed to show it is more likely than not that he will be tortured if returned to the Republic of Cameroon. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033

(9th Cir. 2014).

**PETITION DENIED.**